**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-1018**

---

SANJEEV MALHOTRA,

Plaintiff - Appellant,

versus

KCI TECHNOLOGIES, Inc., et. al and/or its
assignees,

Defendant - Appellee.

---

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Richard D. Bennett, District Judge.
(CA-05-1661-RDB)

---

Submitted: May 26, 2006            Decided: July 11, 2007

---

Before WILLIAMS, Chief Judge, and WILKINSON and KING, Circuit
Judges.

---

Affirmed in part; vacated and remanded in part by unpublished per
curiam opinion.

---

Sanjeev Malhotra, Appellant Pro Se. Jay Robert Fries, KRUCHKO &
FRIES, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this employment discrimination suit, Sanjeev Malhotra appeals from the district court's orders dismissing certain claims for failure to exhaust administrative remedies and dismissing the remainder of the suit without prejudice for failure to comply with Fed. R. Civ. P. 26(a) and the court's scheduling order. Both orders were brief and devoid of reasoning. We affirm the former order, but vacate the latter and remand for further proceedings.

## I.

Malhotra, a man of East Indian ancestry, filed suit against his former employer, KCI Technologies, Inc. ("KCI"), alleging wrongful termination, retaliation, harassment, and discrimination on the basis of sex, age and national origin. KCI moved to dismiss the claims of sex discrimination, retaliation and harassment, as Malhotra's initial charge of discrimination filed with the Maryland Commission on Human Relations ("MCHR") stated only age and national origin as the basis of his employment discrimination claims of pay disparity and wrongful discharge. Malhotra responded, asserting that MCHR prepared the charge and he understood that his summary, which was attached to the charge, would also be considered during the investigation. The district court granted KCI's motion to dismiss.

On August 31, 2005, the court entered a scheduling order, stating that initial disclosures under Fed. R. Civ. P. 26(a)(1)

- 2 -

were due by October 31.  The order did not specify what sanctions would be appropriate if the order was disregarded.  On November 11, KCI's counsel sent Malhotra a letter, reminding him of the scheduling order and enclosing a copy of Rule 26(a)(1) to describe the information that must be disclosed.  On November 23, counsel called Malhotra and left a message regarding the Rule 26 disclosures.  On December 2, KCI filed a motion for sanctions.

On December 7, Malhotra filed a document "in reference to Initial Disclosure pursuant to Rule 26(a)."  The document was date stamped at the district court drop box, and KCI admits that it received a copy of the filing.  However, the document is not noted on the district court's docket sheet, and it appears that it was returned to Malhotra under the mistaken belief that it was either discovery material or a discovery motion made without a certificate stating that there had been an attempt to resolve the dispute as required  by Md. R. 104.7.  In this document, Malhotra stated that he believed, as a pro se litigant, that he was exempt from Rule 26(a).  He also listed names of staff at KCI involved in his complaint and stated that he planned to respond to KCI's motion for sanctions by December 24.

On December 21, the district court dismissed Malhotra's complaint without prejudice for failure to comply with discovery

orders.[1] The district court's order included no reasoning. On December 27, Malhotra filed a response to KCI's motion for sanctions, stating that KCI's motion was moot based on his December 7 filing. The district court construed the filing as a motion for reconsideration and denied it without discussion. Malhotra timely appealed.

## II.

A plaintiff must exhaust administrative remedies with the EEOC before filing suit under Title VII. Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). "The EEOC charge defines the scope of the plaintiff's right to institute a civil suit." Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002). An administrative charge of discrimination does not strictly limit the Title VII suit that may follow; rather, the scope of the civil action is confined by the scope of the administrative investigation that can reasonably be expected to follow the charge. Id. However, "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a

---

[1]While the complaint was dismissed without prejudice, the effect of the dismissal was with prejudice, because the statute of limitations had already run. See 42 U.S.C. § 2000e-5(f)(1) (2000) (providing lawsuit must be filed within ninety days of receipt of the EEOC right-to-sue letter).

subsequent Title VII lawsuit." Evans v. Techs. Applications &
Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996).

Malhotra's failure to allege in his charge that he was
discriminated against on the basis of sex or that he was retaliated
against or harassed precludes him from making these claims in his
Title VII action. Even if the summary that was attached to the
charge is considered, as he claims it should be, only Malhotra's
allegation that a black woman was promoted when he was fired comes
close to showing employment discrimination based on a protected
classification. However, even in his summary, Malhotra does not
state that he was denied a promotion because he was a male.
Moreover, Malhotra's charge stated that he claimed only age and
national origin discrimination, and the woman in question had a
different national origin than Malhotra. Thus, a reasonable
investigation would not focus on sex discrimination merely because
Malhotra identified the sex of certain involved persons. In
addition, Malhotra's summary, even liberally construed, does not
raise claims of retaliation or harassment. Thus, we affirm the
district court's order dismissing Malhotra's sex discrimination,
retaliation, and harassment claims for failure to exhaust. See
Miles v. Dell, Inc., 429 F.3d 480, 491-92 (4th Cir. 2005) (finding
retaliation claim was not reasonably related to EEOC charge when
retaliation box on charge was not checked and the narrative
referenced only sex and pregnancy discrimination).

III.

A district court may impose sanctions, including dismissal, if a party fails to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(C). Prior to imposing the sanction of dismissal, the district court must consider four factors: (1) whether the noncomplying party acted in bad faith; (2) the degree of prejudice suffered by the other party or parties as a result of the failure to comply; (3) the deterrence value of dismissal as a sanction for noncompliance; and (4) the efficacy of a less drastic sanction. Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989). Additionally, we have stated that, before dismissing a case with prejudice, the district court must give the noncomplying party a "explicit and clear" warning of the consequences of failing to satisfy the court's conditions and orders. Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 472 (4th Cir. 1993); Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 n.2 (4th Cir. 1987) (stating that warning was a "salient fact" that distinguished cases in which default judgment was appropriate sanction for discovery abuse under Rule 37).

Rule 26(a)(1) requires parties to provide to other parties prior to any discovery requests: (1) the name, address, and telephone number of each individual with information that may be used to support the party's claims; (2) a copy of all documents

that may be used to support the party's claims; and (3) a computation of damages. Here, Malhotra was indisputably untimely in responding to the district court's scheduling order, and he ignored inquiries from KCI until the motion for sanctions was filed. Malhotra then responded, asserting that he was exempt from the requirement of Rule 26 disclosures[2] and listing the names of numerous KCI employees related to the case. This document was untimely and did not disclose everything required by Rule 26. However, because this document was returned to Malhotra, it is unlikely that it was considered by the court before dismissal.[3]

Because the court has provided no reasoning, it is unclear whether all relevant filings and factors were considered. See Brewster of Lynchburg, Inc. v. Dial Corp., 33 F.3d 355, 367 (4th Cir. 1994) (noting that an unexplained order denies the appellate court the tools of review and "conceals what the court did and why and leaves the appeals court, like the proverbial blind hog, scrambling through the record in search of an acorn . . . [which is] antithetical to proper performance of the review function"). Moreover, after brief consideration of the Mutual

---

[2]While the Rule exempts pro se litigants in the custody of the United States, Malhotra is not in prison. See Fed. R. Civ. P. 26(a)(1)(E)(iii). Malhotra stated that he believed the Rule exempted all pro se litigants.

[3]Malhotra referenced the document in his motion for reconsideration, but he did not attach a copy. In addition, the court provided no reasoning in its denial of Malhotra's motion, so it is impossible to tell whether the document was considered.

<u>Federal</u> factors, we cannot say that they unequivocally weigh in favor of dismissal, especially in light of the absence of notice by the court that failure to respond could result in dismissal. Thus, while we express no opinion on whether the district court's sanction was appropriate, we vacate the district court's dismissal of Malhotra's complaint and remand for consideration of KCI's motion for sanctions in light of Malhotra's December 7 filing and the <u>Mutual Federal</u> factors.

IV.

Based on the foregoing, we affirm the dismissal of Malhotra's claims of sex discrimination, harassment and retaliation, and vacate the dismissal of the complaint for failure to comply with the district court's scheduling order. We remand for further consideration consistent with this opinion. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>VACATED AND REMANDED IN PART</u>
